FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### Southern Division

97 MAR 25 AM 9: 31

U.S. DISTRICT COURT
N.D. OF ALABAMA

CRAIG S. FUNDERBURG and BETTY J. )
FUNDERBURG, )
    Plaintiff(s); )
                 )
-vs.- )
                 )
CITY OF HOMEWOOD, ALABAMA, and )
GAY & POWELL, INC., )
    Defendant(s). )

No. CV-95-P-2720-S

ENTERED

MAR 25 1997



### OPINION

Defendant Gay & Powell's Motion for Summary Judgment was considered at a prior motion docket. For the following reasons, this motion is due to be granted.

### Facts[1]

This lawsuit arises from efforts by the plaintiffs to obtain a permit to build a circular driveway at their home, situated on two lots at the corner of Malaga Avenue and LaPrado Circle in the City of Homewood ("City"). On January 13, 1992 the plaintiffs, Craig and Betty Funderburg, applied for a permit with the City to install a circular driveway.[2] The City had in force an ordinance that required "street frontage" of at least 150 feet for two driveway entrances and of at least 300 feet for three driveway entrances. In March 1992, Funderburg had several interactions with the Board of Zoning Adjustments ("BZA") to determine whether the Funderburgs had enough street frontage for a circular driveway and whether they would be granted a variance

---

1. Recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

2. It is unclear whether Funderburg was requesting two or three driveway entrances at this time.

if they did not.

Funderburg was told at some point by a City employee that he needed to have his two lots resurveyed into one to obtain a permit for a circular driveway. After the resurvey, Funderburg submitted another application, dated May 11, 1992. On the evening of May 11, 1992, the City Council amended the driveway ordinance to require street frontage of at least 200 feet for two driveway entrances and of at least 350 feet for three driveway entrances. In May, after the ordinance change, Funderburg submitted two more applications for circular driveways in somewhat different configurations. On June 11, 1992, Funderburg submitted an application for a permit for a driveway with one entrance, which was issued.

In May 1992 and again in December 1992, the BZA requested defendant Gay & Powell's assistance in determining the street frontage of the Funderburgs' property. Gay & Powell was acting as the city engineer at this time. Gay & Powell determined that the Funderburgs had 279 feet of street frontage. This opinion was documented in a letter from Ron Powell to Building Inspector Jerry Crowe on December 2, 1992.[3/] On December 3, 1992, the Funderburgs came again before the BZA to request a circular driveway. At the meeting, Crowe said that the engineering report showed that the Funderburgs had 279.41 feet of street frontage, and that therefore the Funderburgs did not have enough street frontage for three driveway entrances. The Funderburgs withdrew their application for a circular driveway.

In December 1992, Funderburg met with Ron Powell to discuss the engineering report. Powell told Funderburg that he had only received part of the driveway ordinance, and that the

---

3. Funderburg testifies that in November 1992, Crowe told Ms. Funderburg that he had seen the engineering report and that it indicated that the Funderburgs did not need a variance to obtain a permit for a circular driveway.

2

report would have to be amended based on a review of the complete ordinance, including attached drawings.  At some point, Funderburg gave Powell a drawing of the Funderburgs' property, prepared by Building Inspector Jerry Sims, which showed street frontage measured with reference to the curb.  On December 30, 1992, Gay & Powell prepared a revised engineering report.  The revised report identified an uncertainty over the meaning of the term "corner radius" as used in the ordinance,[4] and indicated that the meaning of the term was best resolved by the BZA.  The revision did not address the proper way to measure "street frontage."

In January 1993, Funderburg filed a written request to reappear before the BZA, which was denied at the BZA meeting on January 7, 1993.  Powell appeared at the January 7, 1993 meeting and told the BZA that the Funderburgs did not have enough street frontage for three driveway entrances.  The Funderburgs filed an appeal in the Circuit Court of Jefferson County, Alabama, in January 1993.  The appeal was dismissed in August 1993, on the grounds that the BZA never voted on the application for a circular driveway, and that therefore the Funderburgs had not exhausted their administrative appeals.

In August 1993, the Funderburgs reapplied for a driveway permit.  In September 1993, the Funderburgs reappeared at a BZA meeting at which Powell stated that the previous engineering reports were submitted without visiting the site.  In September 1993, Powell and Jimmy Gay, from Gay & Powell, went to the Funderburgs' property.  Gay appeared at the October 7, 1993 BZA meeting and stated that he had completed a site visit and that, in the opinion of Gay & Powell, only frontage on Malaga Avenue should be considered and that the Funderburgs

---

4. The term "corner radius" affects the placement, but not the number, of driveway entrances.

3

did not qualify for the circular driveway under the ordinance. Gay also stated that the proposed driveway would not create a traffic hazard and that he saw no problem with the granting of a variance. The BZA denied the variance request. The Funderburgs appealed this decision on October 22, 1993. In this appeal, the Funderburgs claimed that the actions of the City and the BZA were arbitrary and capricious and violated the Funderburgs' rights to due process.

In September 1994, the City Council voted to change the driveway ordinance. The new ordinance reduced the street frontage requirement for two driveway entrances from 200 feet to 75 feet. In September 1994, the Funderburgs received a permit for a circular driveway and completed construction of a circular driveway. Because the changed ordinance allowed the Funderburgs to construct a circular driveway without a variance, the Funderburgs' appeal was dismissed in November 1994.

The Funderburgs' dispute with Gay & Powell is centered around whether "street frontage" and "corner radius," as used in the ordinance, should be measured with reference to the property line or with reference to the curb. The Funderburgs submitted a report by Robert V. Kolar, prepared March 20, 1996, which criticizes Gay & Powell's opinions, methodology, and qualifications.

The Funderburgs filed this lawsuit on October 23, 1995. The Funderburgs assert six counts in their complaint: 1) deprivation of civil rights under 42 U.S.C. § 1983; 2) violation of the right to equal protection under the Fourteenth Amendment; 3) negligence; 4) fraud, deceit, and misrepresentation; 5) outrage; and 6) breach of contract. All counts are alleged against both defendants. In response to a court order, the Funderburgs amended Count 4 of their complaint on March 7, 1996, to state with more specificity their fraud claim against Gay & Powell. The

4

Funderburgs state in amended Count 4 that Gay & Powell intentionally misrepresented the true meaning of "street frontage" and "corner radius" and that these misrepresentations caused the denial of the Funderburgs' applications for a circular driveway.

## Analysis

In its Motion for Summary Judgment, Gay & Powell argues that it is not a state actor and thus cannot be liable to the plaintiffs under § 1983, that the plaintiffs' civil rights claims are barred by the applicable statute of limitation, that the plaintiffs' negligence, fraud, and outrage claims are barred by the applicable statute of limitations, that the plaintiffs' fraud claims are based on Gay & Powell's provision of an expert opinion, which cannot form the basis of a fraud claim, that the plaintiffs' allegations do not rise to the level of outrage, and that it cannot be liable to the plaintiffs for breach of contract because it had no contract with them.

In response, the plaintiffs argue that Gay & Powell is a state actor because its actions resulted from the City's "encouragement or command" and that Gay & Powell acted jointly with the City to deprive the plaintiffs of their rights. The plaintiffs also argue that their civil rights claims are not time-barred because the statute of limitations did not begin to run until they learned their civil rights were violated. Similarly, the plaintiff argue that their fraud claims are not time-barred because they did not suspect fraud until the ordinance was changed to enable the Funderburgs to obtain their driveway, in September 1994. The plaintiffs argue in addition that their fraud claim is based on Gay & Powell's misrepresentations of fact, not opinion. The plaintiffs argue that their negligence claim is not time-barred because Gay & Powell continued to be negligent up to the time they prepared "the report which was the basis for [the] changing of the

5

ordinance in September, 1994."[5/] The plaintiffs argue that Gay & Powell's conduct meets the standard for outrage.  The plaintiffs argue as well that they had an implied contract with Gay & Powell that required Gay & Powell to interpret the ordinance in a professional manner.  Finally, the plaintiffs argue that  the Soldiers' and Sailors' Civil Relief Act ("SSCRA"), 50 U.S.C. App. § 525, operates to toll the running of any statute of limitations for the period of time during which Funderburg was engaged in military service.

I.      Civil rights

The Funderburgs' claim that they were deprived of their civil rights under 42 U.S.C. § 1983 and that their rights to equal protection under the Fourteenth Amendment were violated by the actions of the City and Gay & Powell culminating in the denial of their driveway application. In order to state a claim under § 1983, a plaintiff must show that the party charged with the constitutional violation is a state actor.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Claims under the Fourteenth Amendment also require state action.  *Id.* at 926-32.  The § 1983 requirement of "action under state law" is identical to the requirement of "state action" under the Fourteenth Amendment.  *Id.* at 929.

Gay & Powell is a private corporation with an existence separate from the state.  There are three tests for determining whether a private entity is functioning as a state actor: 1)the public function test; 2) the state compulsion test; and 3) the nexus/joint action test.  *Langston v. ACT*, 890 F.2d 380, 384 (11th Cir. 1989); *NBC v. Communications Workers of America, AFL-CIO*, 860

---

5. After a review of the evidence submitted by both the defendant and the plaintiff, no evidence can be found of any involvement by Gay & Powell with the Funderburgs' situation after October 7, 1993.

6

F.2d 1022, 1024-28 (11th Cir. 1988).[6] The public function test applies only when the private

entity is performing an activity that is traditionally the exclusive prerogative of the government.

*Langston*, 890 F.2d at 384. Gay & Powell was not performing a function that has been

traditionally performed exclusively by the government. The state compulsion test is satisfied when

the governmental entity has exercised coercive power or provided such significant encouragement

that the choice of the private entity must be deemed to be the choice of the government. *Id.* at

385. There is no evidence that the City encouraged or coerced Gay & Powell in any way into

rendering the opinion that the Funderburgs needed a variance to construct their circular driveway.

The nexus/joint action test applies when the state and the private actor are so intertwined that the

state was a joint participant in the private actor's conduct. *Id.* There is no evidence that the City

of involved itself in any way in Gay & Powell's decision that the Funderburgs needed a variance

to construct their circular driveway. In addition, there is no evidence that Gay & Powell involved

itself in any way in the BZA's decision to deny the Funderburgs a variance.

Because Gay & Powell is not a state actor, summary judgment is due to be granted for Gay

& Powell on the plaintiffs' claims that Gay & Powell violated the plaintiffs' rights under § 1983

and the Fourteenth Amendment.

II.    Negligence

The plaintiffs claim that Gay & Powell violated a duty "to act in a manner which is in the

public's best interest" and that Gay & Powell, along with the City of Homewood, was negligent

for failing to grant the plaintiffs a driveway permit to construct a circular driveway. The plaintiff

---

6. The court takes note of the fact that the plaintiffs argue that Gay & Powell is not a private entity and that therefore *NBC* and *Langston* do not apply. However, the plaintiffs have introduced no evidence that Gay & Powell was in any way directly affiliated with the state.

7

has alleged no facts from which the court can conclude that Gay & Powell owed any duty to the plaintiffs. Gay & Powell owed the plaintiffs no duty to grant them a driveway permit and were, in fact, not capable of doing so. As well, although the plaintiffs allege that Gay & Powell owed a duty to the public at large to act in a professional manner, they point to no circumstances that would cause Gay & Powell to owe them in particular any duty. Because Gay & Powell owed the plaintiffs no duty, summary judgment is due to be granted Gay & Powell on the plaintiffs' claims of negligence.

III.     Fraud

The plaintiffs allege that Gay & Powell intentionally failed to represent to the plaintiffs and to others the true meaning of "street frontage" and "corner radius" as used in the City's driveway ordinance, and misrepresented the usual and customary method for calculating "street frontage." The plaintiff has introduced no evidence that Gay & Powell made representations about the meaning of "street frontage" and "corner radius" with the intent to cause the plaintiffs to rely upon the information to their detriment in any way. In fact, Gay & Powell's initial opinion was furnished to the City building inspector, not to the plaintiffs.

At most, the plaintiffs have introduced evidence that Gay & Powell provided the City with incorrect and inconsistent opinions of the amount of street frontage and corner radius on the plaintiffs' property and incorrectly stated that in Gay & Powell's opinion the plaintiffs needed a variance to build a circular driveway. Statements of opinion are not material facts upon which an action for fraud can be based. *Jones v. McGuffin*, 454 So. 2d 509, 512 (Ala. 1984). The plaintiffs rely on *Reinhardt Motors, Inc. v. Boston*, 516 So. 2d 509 (Ala. 1986), in which the court held that a mechanic's unequivocal statement that there were cracks in the plaintiff's car's

8

engine head was a statement of objective fact sufficient to sustain an action for fraud. *Id.* at 510-11. However, this case is more like *Jones*, in which the court held that an engineer's statement that "in his opinion" a wall was in good condition was an opinion which could not sustain an action for fraud. *Jones*, 454 So. 2d at 511-12. Gay & Powell specifically indicated in its letter of December 2, 1992 that it was rendering an opinion. In addition, in its revision of December 30, 1992, Gay & Powell indicated the possible conflict over the meaning of the term "corner radius," restated its opinion, and indicated that the BZA could best resolve the dispute. Statements of this sort, that indicate not only that the statement is an opinion, but also point out the possible disagreements with the opinion, are far from the affirmative statements in *Reinhardt Motors*.

Because the plaintiffs have not demonstrated that Gay & Powell made any statements with the intent to deceive them, and because Gay & Powell made no misrepresentations of material fact, summary judgment is due to be granted Gay & Powell on the plaintiffs' claims of fraud.

IV. Outrage

Because the plaintiffs have not alleged any conduct on the part of Gay & Powell that arises to the level of conduct so "outrageous in character and so extreme in degree as to go beyond all possible bounds of decency," or that the plaintiffs suffered emotional distress so severe that no reasonable person could be expected to endure it, *American Road Service Company v. Inmon*, 394 So. 2d 361, 365 (Ala. 1981), summary judgment is due to be granted Gay & Powell on the plaintiffs' outrage claim.

V. Breach of Contract

The plaintiffs have not alleged that there was an actual contract between Gay & Powell and themselves. Instead, they allege that there was an implied contract between Gay & Powell and

9

themselves. However, the plaintiffs do not allege any facts from which this implied contract could have arisen, and the court has not been able to discern any. For these reason, summary judgment is due to be granted Gay & Powell on the plaintiffs breach of contract claim.

### Conclusion

For the following reasons, summary judgment is due to be granted in favor of defendant Gay & Powell on all counts. Because Gay & Powell was due summary judgment on the merits of the plaintiffs' claims, it was not necessary to address Gay & Powell's arguments that many of the plaintiffs' claims were barred by the applicable statutes of limitations. The court notes, however, that there were serious issues as to whether the plaintiffs' claims were barred.

Dated: March 24 , 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
Mr. Robert M. Pears
Mr. Michael G. Kendrick
Ms. Victoria J. Franklin-Sisson
Mr. Michael K. Beard
Mr. Robert M. Girardeau
Mr. David Michaels

10